**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3510-17T2

IN THE MATTER OF THE
APPEAL OF THE DENIAL OF
DOUGLAS F. CIOLEK'S
APPLICATION FOR A FIREARMS
PURCHASER.

_____

Submitted January 16, 2019 – Decided February 1, 2019

Before Judges Fuentes and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0017-22.

Douglas F. Ciolek, appellant pro se.

Frederic M. Knapp, Morris County Prosecutor, attorney for respondent State of New Jersey (Paula C. Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

Appellant Douglas F. Ciolek appeals from a March 14, 2018 Law Division order affirming the Township of Denville Police Department's rejection of his application for a permit to carry a handgun pursuant to N.J.S.A. 2C:58-4(c) and denying his summary judgment motion for an order declaring N.J.S.A. 2C:58-

4(c) and (d) and N.J.A.C. 13:54-2.4(d) unconstitutional. On appeal, Ciolek argues that the "justifiable need" requirement for a permit to carry a handgun violates the Second Amendment of the United States Constitution and Article I, paragraph 1, of the New Jersey Constitution. Finding no merit to Ciolek's contentions, we affirm.

To obtain a New Jersey permit to carry a firearm, an applicant must "demonstrate[] that he [or she] is not subject to any of the disabilities set forth in [N.J.S.A.] 2C:58-3(c), that he [or she] is thoroughly familiar with the safe handling and use of handguns, and that he [or she] has a justifiable need to carry a handgun." N.J.S.A. 2C:58-4(c); see also N.J.S.A. 2C:58-4(d). In November 2017, the Denville Police Chief denied Ciolek's application for a permit to carry a handgun because Ciolek did "not demonstrate a justifiable need to carry a firearm in the State of New Jersey." Ciolek appealed the denial to the Law Division and filed a summary judgment motion requesting an order declaring that the statutory justifiable need requirement and regulation[1] requiring evidence of justifiable need violate the United States and New Jersey constitutions.

---

[1]  In pertinent part, N.J.A.C. 13:54-2.4(d) requires that a private citizen's application for a permit to carry a handgun include a "a written certification of justifiable need to carry a handgun . . . detail[ing] the urgent necessity for self-protection, as evidenced by specific threats or previous attacks, which

Following argument, the Law Division rendered a detailed oral opinion affirming the denial of Ciolek's carry permit application and denying his summary judgment motion. The court entered an order and this appeal followed.

On appeal, Ciolek presents the following arguments for our consideration:

POINT I

THE COURT ERRED BY FINDING THAT THE JUSTIFIABLE NEED PROVISIONS OF N.J.S.A 2C:58-4(c) & (d) and N.J.A.C. 13:54-2.4(d) DO NOT VIOLATE THE SECOND AMENDMENT OF THE UNITED STATES CONSTITUTION[.]

A. THE SECOND AMENDMENT IS AN IN[DI]VIDUAL RIGHT THAT APPLIES TO NEW JERSEY LAWS[.]

B. THE SECOND AMENDMENT RIGHT TO KEEP AND BEAR ARMS APPLIES IN NON-SENSITIVE PUBLIC AREAS WITHIN NEW JERSEY[.]

C. ASSUMING A PROPER STANDARD OF REVIEW IS EVEN NECESSARY, N.J.S.A. 2C:58-4(c) & (d) and N.J.A.C. 13:54-2.4(d) VIOLATE THE SECOND AMENDMENT OF THE UNITED STATES CONSTITUTION[.]

i. IF NECESSARY, THE STANDARD OF REVIEW SHOULD BE DERIVED FROM THE EXPRESS LANGUAGE OF THE SECOND AMENDMENT[.]

---

demonstrate a special danger to the applicant's life that cannot be avoided by means other than by issuance of a permit to carry a handgun."

ii. IF THE COURT REJECTS SUB-POINT i, THEN ORDINARY STRICT SCRUTINY SHOULD APPLY, NOT INTERMEDIATE SCRUTINY[.]

a. UNITED STATES SUPREME COURT PRECEDENT AND OTHER FEDERAL CASE LAW REQUIRE STRICT SCRUTINY[.]

b. NEW JERSEY SUPREME COURT CASE LAW REQUIRES A STRICT SCRUTINY ANALYSIS[.]

c. THE PROSECUTOR'S RELIANCE ON THE NEW JERSEY CASES OF WHEELER, PANTANO, BURTON, CRESPO AND SICCARDI AND THEIR PROGENY IS WITHOUT MERIT AS THESE CASES ARE EITHER ERRONEOUSLY DECIDED OR IRRELEVANT[.]

d. INTERMED[IATE] SCRUTINY "BALANCING" HAS ALREADY BEEN REJECTED BY HELLER AND MCDONALD[.]

iii. EVEN UNDER INTERMEDIATE SCRUTINY, NEW JERSEY'S JUSTIFIABLE NEED PROVISIONS DO NOT PASS CONSTITUTIONAL MUSTER.

POINT II

THE COURT ERRED BY FINDING THAT THE JUSTIFIABLE NEED PROVISIONS OF N.J.S.A. 2C:58-4(c) & (d) and N.J.A.C. 13:54-2.4(d) DO NOT VIOLATE ARTICLE I, PARAGRAPH 1 OF THE NEW JERSEY CONSTITUTION[.]

A. THE RIGHT TO KEEP AND BEAR ARMS IS INHERENT IN AND PART OF THE NATURAL RIGHT TO SELF-DEFENSE PURSUANT TO

4

ARTICLE 1 PARAGRAPH 1 OF THE NEW JERSEY CONSTITUTION.

B. ASSUMING A PROPER STANDARD OF REVIEW IS EVEN NECESSARY, N.J.S.A. 2C:58-4(c) & (d) and N.J.A.C. 13:54-2.4(d) VIOLATE ARTICLE I, PARAGRAPH 1 OF THE NEW JERSEY CONSTITUTION[.]

i. IF A STANDARD OF REVIEW IS EVEN REQUIRED, STRICT SCRUTINY IS THE NECESSARY STANDARD OF REVIEW IN THIS MATTER.

ii. EVEN UNDER INTERMEDIATE SCRUTINY, NEW JERSEY'S JUSTIFIABLE NEED PROVISIONS DO NOT PASS CONSTITUTIONAL MUSTER.

Ciolek does not dispute that he failed to make any showing of justifiable need as required by N.J.S.A. 2C:58-4(c) and (d) and N.J.A.C. 13:54-2.4(d). His arguments are limited to a challenge to the constitutionality of the "justifiable need" requirements of the statute and regulation.

Ciolek's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and we affirm substantially for the reasons in the Law Division judge's thorough decision. We add only that the justifiable need requirement in N.J.S.A. 2C:58-4(c) and (d) has been found constitutional in Drake v. Filko, 724 F.3d 426 (3d Cir. 2013), cert. denied sub nom. Drake v. Jerejian, 572 U.S. 1100 (2014), and in our decision in In re Wheeler, 433 N.J.

Super. 560 (App. Div. 2013).  We find no basis in the record to depart from that well-reasoned precedent.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3510-17T2